## JACK HUFF v. STATE.

No. A-5461. Opinion Filed May 15, 1926.
(246 Pac. 496.)

 

Coffey & Church, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was charged with the crime of vagrancy in the municipal criminal court of the city of Tulsa. A jury was waived and the case tried before the judge, who found defendant guilty and assessed his punishment at a fine of $100 and imprisonment for 30 days in the county jail.

The charge is based on the first, second, and fifth subdivisions of section 1956, Comp St. 1921. The state offered the evidence of two members of the police force, who testified they had seen defendant on the streets and about a pool hall frequently, did not know of any legitimate business he had; that he stayed several nights at a cheap rooming house on Boston street; that he had been arrested one time prior to the arrest in this case, at which time he had some crooked cards, and at the time he was arrested in this case he had some dice, including two crooked dice.

The defendant testified that he lived with his mother in Sand Springs and had for a number of years; that he traveled for a portrait house and made about $250 a month; that he had an automobile but had not worked

for some 60 days on account of the condition of the roads which prevented him from traveling, but had conducted a mail order business; that he paid the grocery bill of his mother; that the crooked dice were merely trick dice which he used in playing tricks in his travels; that he had never attempted to use them for gambling. He also offered an employee of a general merchandise business at Sand Springs, who testified that the defendant lived there with his mother; that they traded at his store, and the defendant paid the bills. The evidence also shows that he put up a $250 cash bond at the time of his arrest.

The purpose of vagrancy statutes is to prevent idlers, who are without means of support, and without employment, and who make no exertion to obtain employment, from strolling about the community and becoming criminals, drones, or charges upon the public, and to bar fortune tellers, prostitutes, beggars, and such characters from loitering about the streets of any city or town; but, in order to convict for vagrancy, the proof must bring the accused clearly within the statute. The evidence in this case does not satisfy this requirement, particularly in view of the explanation and evidence offered by the defendant.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.